**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

ALONZO GILLIAM, III                                                                                        PLAINTIFF
ADC #98194

V.                                      NO: 4:14CV00545 BSM/HDY

NORMAN L. HODGES, JR *et al.*                                                                  DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District
            Judge (if such a hearing is granted) was not offered at the

       hearing before the Magistrate Judge.

3.       The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

       Clerk, United States District Court
       Eastern District of Arkansas
       600 West Capitol Avenue, Suite A149
       Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Alonzo Gilliam, III, an inmate who is currently incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on September 10, 2014. Defendants are Arkansas State Claims Commission Director Norma L. Hodges, Jr., and unnamed John Does, who are claims commission committee members and clerks.

### I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*,

355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff, he filed a claim with the Arkansas State Claims Commission on November 13, 2012. Despite Plaintiff diligently pursing his claim and responding to all commission letters, his claim was dismissed on January 11, 2013. The commission stated in the dismissal that Plaintiff had failed to respond to one of its letters. Plaintiff wrote the commission to bring to its attention the fact that he had responded to all letters as required, and he provided documentary evidence to support his assertion. Plaintiff also filed a motion for reconsideration. However, after a February 8, 2013, meeting, the commission again denied Plaintiff's claim. Plaintiff's appeals were fruitless, and, according to Plaintiff, the commission dismissed two other claims in retaliation. Plaintiff seeks damages and any other relief the Court deems necessary.

Plaintiff cannot re-litigate his Claims Commission action here. In *Steffen v. Housewright*, 665 F.2d 245, 246-7 (8th Cir. 1981), the Court stated that the doctrine of collateral estoppel precluded litigation of a claim for lost property against the defendants after the inmate had pursued

the claim before the Claims Commission. *See also Griffis v. Hobbs et al.*, ED/AR No. 5:10CV00242 (Plaintiff was provided due process in his Claims Commission proceedings, despite ruling being issued without a hearing when Commission stated Plaintiff would be notified of hearing date); *Robertson v. Andrews et al.*, ED/AR No. 2:11CV00231 (Plaintiff could not re-litigate matters decided by the Arkansas Claims Commission).[1]

To the extent that he is attempting to assert a retaliation claim against unidentified members of a Claims Commission committee, Plaintiff's factual allegation are insufficient to establish a retaliatory motive or a claim for relief. *See Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam) (allegations of retaliation must be more than speculative and conclusory). Accordingly, Plaintiff's complaint should be dismissed for failure to state a claim upon which relief may be granted.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

---

[1] It does not appear that Plaintiff has appealed the Claims Commission's determination to the Arkansas General Assembly, which is the final stage in the claim process. *See* Ark. Code Ann. § 19-10-201 *et seq.*, and *Fireman's Ins. Co. v. Arkansas State Claims Commission*, 301 Ark. 451, 458 (Ark. 1990), where the Court recognized the only available relief for an aggrieved claimant is to seek review by the General Assembly.

DATED this  30   day of September, 2014.

_____
UNITED STATES MAGISTRATE JUDGE